**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30765

(Summary Calendar)
_____

ALBERTO QUERAL,

Plaintiff-Appellant,

versus

GULF COAST BANK & TRUST COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-2230-C)

May 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alberto Queral, a naturalized American citizen who was born in Cuba, worked as a commercial loan officer for Gulf Coast Bank & Trust Company ("Gulf").  After Gulf fired Queral, he sued pursuant to 42 U.S.C. § 2000e *et seq.* and §§ 23:1006 and 51:2242 of the Louisiana Revised Statutes, alleging that Gulf had

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

terminated him because of his race and national origin.  After a
bench trial, the district court ordered that judgment be entered
in favor of Gulf.  We affirm.

I

Gulf hired Queral in 1991, and installed him as manager of
its West Esplanade branch.  A couple of years later, Gulf
transferred Queral to its main office in New Orleans.  Queral's
salary remained the same but his duties changed.  Subsequently,
Gulf hired Queral as a commercial loan officer at the main
office.

Starting in January 1994, Queral began to devote most of his
time to being a commercial loan officer.  He worked under the
supervision of Rodney Jordy, and was given a loan quota of
$250,000 per quarter, a typical target for new officers.  Also in
January, Jordy filled out an evaluation of Queral, rating his
employment performance as "satisfactory" or better in all areas
except for job productivity, where he termed Queral's performance
"fair."

The bank commissioned a study to determine why its costs
seemed higher than comparable banks.  This study concluded that,
among other things, the loan department was overstaffed by two or
three people.  Gulf's president, Guy Williams, then met with
Jordy and Walter Alvarez, the bank's vice president.  Williams
declared that Gulf would dismiss the least productive loan
officers.  Jordy asked Williams to reconsider his decision, and

Williams decided to defer any terminations.

Queral exceeded his loan quotas for the first two quarters of 1994. His third quarter loan total fell short of the quota, however by the end of the year, he had surpassed his yearly quota of $1,000,000. Sometime in 1994, Jordy told Williams that Queral was the least productive loan officer, and the decision was made to fire Queral.

At trial, Queral presented some evidence of intentional discrimination. He testified (1) that Williams told him that maybe Queral could help Gulf be the first "Hispanic" bank; (2) that after Jordy learned that Queral had been named to the Jefferson Parish Economic Development Council, Jordy stated that he was surprised that a Cuban had been appointed; (3) that Jordy had averred that he believed that ninety-nine percent of crime in New Orleans was committed by minorities and that Queral's accent could be a problem in generating business for the bank; and (4) that another loan officer made an offensive ethnic joke about Cubans at a meeting presided over by Jordy. The district court found all this proof credible.

The district court also determined that a "sizable portion" of Queral's loan totals were generated by Williams and other bank employees and that, if this portion was disregarded, Queral was the least productive loan officer at Gulf. In addition, the district court found that Queral showed "some deficiency" with regard to a loan officer's duties, which include producing new

loans, maintaining the portfolio of existing loans, and cross-selling other bank services.

## II

On appeal, Queral makes a number of arguments based on the elaborate burden-shifting apparatus set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). However, after a case has been fully tried on the merits, this apparatus ceases to have any importance to the appellate court. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 933 (5th Cir. 1996), *cert. denied*, __ U.S. __, 117 S. Ct. 767, __ L. Ed. 2d __ (1997); *see also Weaver v. Amoco Prod. Co.*, 66 F.3d 85, 87 (5th Cir. 1995) (noting that "[o]n appeal of a jury's verdict of age discrimination, we need not address the sufficiency of [the plaintiff's] prima facie case"). Rather, our inquiry becomes whether the record contains sufficient evidence to support the conclusions reached by the trier of fact. *Patterson*, 90 F.3d at 933.

In conducting this inquiry, we review the district court's factual findings for clear error. FED. R. CIV. P. 52(a); *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1151 (5th Cir. 1995). We will reverse a district court's judgment based on erroneous factual findings only if, after weighing the evidence, we are definitely

-4-

and firmly convinced that the district court made a mistake. *Clear Lake Dodge*, 60 F.3d at 1151. Where the district court's finding is based on its decision to credit the testimony of one witness over that of another, that finding))if not internally inconsistent))can virtually never be clear error. *Schlesinger v. Herzog*, 2 F.3d 135, 139 (5th Cir. 1993).

## III

At trial, Queral did not present any direct evidence that Gulf fired him because he was Cuban. However, he could still satisfy his burden of persuasion through circumstantial proof. *Burns v. Texas City Refining, Inc.*, 890 F.2d 747, 751 (5th Cir. 1989). To show discriminatory firing, Queral needed to demonstrate by a preponderance of the evidence that Gulf used his race as a determinative factor in firing him. *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc).

The district court found that Queral had not proved by a preponderance of the evidence that he was fired because of his race or that his race played any part in Gulf's decision to terminate him. Queral disputes this finding by adverting to the evidence of intentional discrimination summarized above and to proof that he was a "competent, respected and productive employee."

While Queral did present evidence that Jordy made discriminatory remarks to him and that Queral generated some new

business for Gulf, ample proof existed that Gulf reasonably believed it had to fire unproductive loan officers and that Queral was the least productive one.  On this record, we believe that the district court did not clearly err in determining that Queral failed to show that race played a determinative role in his firing.  Accordingly, we determine that sufficient evidence exists to support the district court's judgment in favor of Gulf.

## IV

For the foregoing reasons, we AFFIRM the judgment of the district court.